UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Restoration Builders, Inc., | Case No. 23-cv-3616 (PJS/SGE) |
| Plaintiff, | |
| v. | **ORDER** |
| Richard Vining, Todd Mulvehill, Hometown Restoration Minnesota, Inc., and Spencer Pankonin, | |
| Defendants. | |

---

This matter is before the Court, United States Magistrate Judge Shannon G. Elkins, on Plaintiff Restoration Builders, Inc.'s ("RBI's") Motion for Leave to Amend the Complaint (Dkt. No. 61). The Court heard oral argument on December 19, 2024. For the reasons that follow, the Motion will be denied.

## BACKGROUND

On November 22, 2023, RBI filed suit against Defendants Richard Vining, Rodd Mulvehill, Hometown Restoration Minnesota, Inc. ("Hometown Restoration"), and Spencer Pankonin asserting claims for breach of contract, breach of the duty of loyalty, tortious interference, and unfair competition. (Dkt. No. 1.) RBI later filed an Amended Complaint, and Defendants answered. (Dkt. Nos. 17, 19, 20.)

On February 20, 2024, the court issued a Pretrial Scheduling Order. (Dkt. No. 23). As relevant to the instant motion the Pretrial Scheduling Order provided that "[a]ll motions which seek to amend the leadings, including without limitation, a motion for leave to amend to add parties must be served on or before June 1, 2024." (*Id.* at 3.)

1

The Plaintiff's sent their first requests for production and interrogatories to the Defendants on March 6, 2024. (*See* Gillette Decl., Dkt. No. 72, Exs. 1, 2). On May 20, 2024, Plaintiff's counsel began setting dates for depositions, the earliest of which was initially scheduled for August 13, 2024. (*See* Gillette Decl. Ex. 7, Dkt. No. 72.) RBI deposed Defendant Pankonin on August 13, 2024, but left the deposition open so that Pankonin could search for more documents. (See Pl.'s Mem. in Supp., Dkt. No. 62, at 3.) Hometown Restoration and Vining produced more documents on August 12 and 14, 2024, and on August 15, 2024, the parties filed a joint motion to amend the scheduling order extending several deadlines. (See Dkt. No. 43.) The court granted the motion on August 19, 2024 (see Dkt. No. 45), *inter alia*, extending the deadline for fact discovery to October 11, 2024. (*Id.*) The parties did not seek, nor did the court grant, an extension of the time to move to amend the complaint to add new parties. (*See* Dkt. Nos. 43, 45.)

On October 2, 2024, a week before the close of fact discovery, the court held a status conference. (See Dkt. No. 48.) In the order that followed, the court directed the parties to email the court with the date of Plaintiff's Rule 30(b)(6) deposition no later than 5:00 p.m. on October 4, 2024, and made clear that, if counsel wanted to amend the scheduling order any further, "they must make a fulsome showing of good cause for any such amendment . . . ." (*Id.*)

Unfortunately, the court's gentle guidance had little effect. On October 3, 2024, Plaintiff's counsel sent Defendants' counsel notice of 13 more depositions. (See Gilette Decl. Ex. 16.) Then, on Tuesday, October 8, 2024, Plaintiff's counsel sent notice that it intended to conduct a Rule 30(b)(6) deposition of Hometown Restoration on Friday,

2

October 11, 2024 from 5:00 p.m. until 11:00 p.m. (*Id.* Ex. 20.) Counsel for Defendant Vining sought guidance from the court, the court accepted another round of letters, and on October 10, 2024, the court held yet another telephonic status conference with counsel. (*See* Dkt. No. 49, 52-55.)

Following the telephonic status conference, the court extended fact discovery from October 11, 2024 to November 15, 2024 "for the sole purpose of permitting the depositions of Plaintiff; Vining; and Mulvehill and Hometown Restoration Minnesota." (Dkt. 56.) No other fact discovery was permitted and the court denied the Plaintiff's request to extend all fact discovery, noting that the Plaintiff failed to show "good cause" for such an extension. *Id.* Additionally, RBI did not ask the Court for permission to amend the complaint to add parties or claims (*see* Dkt. No. 53), and the Court did not do so.

Plaintiff's counsel filed the instant Motion for Leave to Amend the Complaint on November 22, 2024, seeking to amend the complaint, add new allegations, and assert claims against six new defendants. (Dkt. No. 61.) The Court heard oral argument on December 19, 2024.

## ANALYSIS

### I. Legal Standard

Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008) (cleaned up). "The good cause standard of Rule 16(b) is an exacting one, for it demands a demonstration that the existing schedule cannot reasonably

3

be met despite the diligence of the party seeking the extension." *IBEW Loc. 98 Pension Fund. v. Best buy Co., Inc.*, 326 F.R.D. 513, 522 (D. Minn. 2018) (cleaned up). The "exacting" standard of Rule 16(b) requires that the moving party first make the requisite showing of good cause. *E.E.O.C. v. Hibbing Taconite Co.*, 266 F.R.D. 260, 265 (D. Minn. 2009). Still, the district court retains discretion to determine whether to grant the motion. *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001).

Scheduling orders are "a vehicle designed to streamline the flow of litigation through [the Court's] crowded docket," and where good cause to modify them is absent, the Court "will enforce them." *Id.* "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Sherman*, 532 F.3d at 717 (citing *Bradford*, 249 F.3d at 809).

## II.   RBI fails to demonstrate good cause.

RBI seeks leave to amend its Amended Complaint to add allegations and claims against six new parties to the case, specifically Josh Pellinger, Shawn Johnson, Donald Letsch (former employees of the Plaintiff); and RV Services, Weathersafe, and Wolf River Electric (competitors of the Plaintiff). Because its motion comes more than six months after the deadline has passed, RBI must demonstrate good cause. *Sherman*, 532 F.3d at 716. Litigants can show good cause by pointing to "a change in the law, newly discovered facts, or another significant changed circumstance that requires amendment of a party's pleading." *Ellingsworth v. Vermeer Mfg. Co.*, 949 F.3d 1097, 1100 (8th Cir. 2020).

RBI argues that good cause exists because its motion "is predicated on information

4

that it received well after the June 3, 2024 deadline, specifically evidence received or explained during Defendant Vining's deposition on October 24, 2024." (Mem. in Supp. at 9.) But RBI knew of additional possible defendants early on in its case. By its own admission, RBI knew about Defendant Pankonin's relationship with Wolf River when it filed the Amended Complaint on January 29, 2024. (Mem. in Supp. at 6 (citing Am. Compl. ¶¶ 84-87)). And on August 19, 2024, the parties filed a joint motion to amend the Pretrial Scheduling Order with no mention of amending the complaint. (Dkt. No. 43). Then, on October 11, 2024, RBI filed a separate letter to the Court requesting specific extensions to the Pretrial Scheduling Order, stating that it had found evidence of "additional wrongdoing" by of former RBI employees. (Dkt. No. 53).

The docket shows that RBI was aware of at least *some* facts that form the basis of their proposed amendments long before it filed the instant motion.[1] *See Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, Case no. 09-cv-1091 (JNE/JSM), 2010 WL 4193076, at *6 (D. Minn. Oct. 7, 2010) ("[A] party does not meet the good cause standard under Rule 16(b) if the relevant information on which it based the amended claim was available to it earlier in the litigation."). Nonetheless, RBI did not use either opportunity to request an extension to the deadline to add parties.

To consider whether there is "good cause" to allow amending the complaint, the court must first assess whether RBI was diligent in attempting to meet the scheduling

---

[1] RBI stated in its October 11, 2024 letter that document discovery led it to believe there may be good cause to join additional former RBI employees as parties and was "evaluating whether to bring a separate motion to amend or to file a separate lawsuit against the individuals, which could result in cross-claims by them against the existing Defendants." (Dkt. No. 53 at 3.)

5

order's requirements, what RBI did to obtain the information before the deadline to amend pleadings, and why it was not possible to have known the information before October of 2024. *Target Corp. v. LCH Pavement Consultants, LLC*, 960 F. Supp. 2d 999, 1007 (D. Minn. 2013). Only after assessing RBI's diligence may the court assess whether the newly learned facts during eleventh hour depositions equate to "good cause."

RBI knew that the deadline to amend pleadings to add new accusations and new defendants was June 1, 2024, and it did not raise potentially extending that deadline until the instant motion, filed on November 22, 2024. RBI has not demonstrated that the newly discovered evidence was not discoverable before the June 1, 2024 deadline. Instead, the record shows that depositions were twice delayed and did not occur until October of 2024, just before the close of fact discovery. Crucially, RBI did not show that there is evidence that it discovered—and could *only* have discovered—after the June 1, 2024 deadline that warrants adding new claims and defendants. *See id*.

Finally, at the hearing before the court on December 19, 2024, counsel for RBI confirmed that they did not review document productions until shortly before the scheduled depositions—which left thousands of documents unreviewed for months. The June 1, 2024 deadline to amend pleadings was established on February 20, 2024 in the Pretrial Scheduling Order (Dkt. No. 23.) Waiting months to begin reviewing discovery—including discovery potentially related to identified-but-yet-unnamed individuals who could be defendants—does not demonstrate diligence. *See Alexander v. 1328 Uptown, Inc.*, Case no. 18-cv-1544 (ECT/ECW), 2019 WL 9514655, at *3 (D. Minn. June 20, 2019).

RBI has not offered any valid explanation why it did not ensure that it had the

discovery it needed to determine whether to add new claims or defendants before the June 1, 2024 deadline lapsed, why it did not prioritize obtaining that discovery before the deadline, or why it did not timely request extension of the deadline in light of concerns with Defendants' discovery with the Court until months later. RBI has failed to show diligence in pursing the necessary discovery to meet the Pretrial Scheduling Order deadlines so it could timely move to amend its complaint, and the court cannot find "good cause" to allow the amendment absent the Plaintiff's diligence.

Generally, courts also evaluate whether the requested extension would cause prejudice to the nonmoving party and whether the proposed amendments to the pleadings would be futile. It is unnecessary, however, to consider prejudice to the nonmoving party or futility of the proposed claims when the moving party has not been diligent in meeting the scheduling order's deadlines. *E.g.*, *Sherman*, 532 F.3d at 717 ("While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, we will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines."); *see also Bradford*, 249 F.3d at 809 (finding "no need" to evaluate more than the moving party's diligence "because the record clearly demonstrate[d] that Bradford made only minimal efforts to satisfy the [scheduling order's] requirements"); *Freeman v. Busch*, 349 F.3d 582, 589 (8th Cir. 2003) (affirming denial of motion to amend because movant gave no reason why the amendment could not have been made earlier).

## **CONCLUSION**

Based on the foregoing, and all the files, records, and proceedings here, **IT IS**

**HEREBY ORDERED** that Plaintiff Restoration Builders, Inc.'s Motion for Leave to Amend the Complaint (Dkt. No. 61) is **DENIED.**

Date: December 27, 2024        *s/ Shannon G. Elkins*
                               SHANNON G. ELKINS
                               United States Magistrate Judge